UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WALTER LEE CARROLL, III, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-02554-TWP-DLP |
| DUSTIN KEEDY, | ) |
| Defendant. | ) |

**Order Screening Complaint, Dismissing Insufficient Claim,
and Directing Issuance and Service of Process**

Plaintiff Walter Lee Carroll, III, an inmate at FCI Gilmer in Glenville, West Virginia, filed this civil action alleging that Indianapolis Metropolitan Police Department Officer Dustin Keedy arrested him without probable cause.

**I. Screening Standard**

Because Mr. Carroll is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on Officer Keedy. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The standard to determine whether the complaint states a claim is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints like Mr. Carroll's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Carroll names one defendant, Officer Dustin Keedy.

He alleges that Officer Keedy arrested him without probable cause on November 10, 2016. Dkt. 1 at 4. The arrest is the subject of incident report #PD16122433. *Id.* at 1. Mr. Carroll alleges that the charges stemming from this arrest were dismissed by *nolle prosequi*. *Id.* at 4. He asserts that Officer Keedy's actions constituted unreasonable seizure in violation of the Fourth Amendment and malicious prosecution in violation of the Fourteenth Amendment. *Id.* at 4–5.

Mr. Carroll seeks compensatory and punitive damages. *Id.* at 5.

## III. Discussion of Claims

Mr. Carroll's Fourth Amendment claim **shall proceed**.

Mr. Carroll's Fourteenth Amendment malicious prosecution claim is **dismissed** for failure to state a claim upon which relief can be granted. "Federal courts are rarely the appropriate forum for malicious prosecution claims," because there is no federal constitutional right not to be prosecuted without probable cause. *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). To state a Fourteenth Amendment claim for malicious prosecution, a plaintiff must allege "a constitutional violation independent of the alleged wrongful arrest." *Serino v. Hensley*, 753 F.3d 588, 593 (7th Cir. 2013). Mr. Carroll alleges no actions by Officer Keedy other than the arrest. He therefore has not stated a claim for malicious prosecution.

## IV. Directing Issuance and Service of Process

The **clerk is designated** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendant Officer Dustin Keedy. Process shall consist of the complaint (dkt. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 7/8/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WALTER LEE CARROLL, III
15602-028
FCI GILMER
P.O. Box 5000
GLENVILLE, WV 28351-6300

Officer Dustin Keedy
Indianapolis Metropolitan Police Department
50 North Alabama Street
Indianapolis, IN 46204