UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WALTER LEE CARROLL, III, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-02554-TWP-DLP |
| DUSTIN KEEDY, | ) |
| Defendant. | ) |

**Order Dismissing Action and Directing Final Judgment**

Plaintiff Walter Lee Carroll, III, brought this 42 U.S.C. § 1983 action alleging that defendant Dustin Keedy arrested him without probable cause in violation of the Fourth Amendment. On Mr. Keedy's motion, the Court dismissed Mr. Carroll's complaint because it was untimely filed and directed Mr. Carroll to show cause why the case should not be dismissed with prejudice. Dkt. 14. Mr. Carroll has filed a response arguing that he is entitled to equitable tolling. For the reasons below, the Court rejects Mr. Carroll's equitable tolling argument, dismisses the case, and directs entry of final judgment.

Under Rule 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate on statute of limitations grounds where the plaintiff's claims are "indisputably time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *see also Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (same). Mr. Carroll's claim accrued on January 4, 2017, when he was released from Indiana custody. Dkt. 12-6. The limitations period expired two years later, on January 4, 2019, but Mr. Carroll did not file his complaint until June 24, 2019. Dkt. 1.

Mr. Carroll concedes that his claim accrued on January 4, 2017, and that it was filed outside the limitation period, but he argues for equitable tolling. Dkt. 15. Specifically, he argues for tolling of the time he was placed in administrative detention—with limited access to legal materials—from August 29, 2018, through April 17, 2019. *Id.*

Any equitable tolling argument must rely on Indiana law. *See Granger v. Rauch*, 388 Fed. App'x 537, 541 (7th Cir. July 22, 2010) ("Section 1983 borrows not only the state statute of limitations for personal-injury claims but also all related state tolling rules."); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (similar).

Mr. Carroll cites no Indiana tolling rule that might save his claim, and the Court is not aware of any rule or law to support his contentions. Any arguable basis for tolling would require Mr. Carroll to show that he diligently pursued his claim. *Cf. City of East Chicago, Ind. v. East Chicago Second Century, Inc.*, 908 N.E.2d 611, 622 (Ind. 2009) ("Instead of a full statutory limitation period within which to act, a plaintiff must exercise due diligence in commencing her action after the equitable grounds cease to operate as a valid basis for causing delay." (quoting *Fager v. Hundt*, 610 N.E.2d 246, 251 (Ind. 1993)).

Mr. Carroll's allegations do not support a finding of diligence. More than 19 months passed from January 4, 2017, when his claim accrued, until August 29, 2018, when he reports being placed in administrative segregation and deprived of his legal materials. This was more than enough time to file the simple complaint underlying this action. And even after he was released from administrative segregation on April 17, 2019, Mr. Carroll waited another two months before filing his complaint. Because Mr. Carroll's complaint is barred by the statute of limitations, this action must be **dismissed for failure to state a claim upon which relief can be granted**. Final judgment shall enter in a separate order.

Because the complaint has been dismissed for failure to state a claim, Mr. Carroll is assessed a strike and notified that upon the receipt of three total strikes, he will not be permitted to proceed in forma pauperis in future litigation unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Date: 12/26/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WALTER LEE CARROLL, III
15602-028
FCI GILMER
P.O. Box 5000
GLENVILLE, WV 28351-6300

Traci Marie Cosby
OFFICE OF CORPORATION COUNSEL
Traci.Cosby@indy.gov

Daniyal M. Habib
OFFICE OF CORPORATION COUNSEL
daniyal.habib@indy.gov